IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **FRANK BOATSWAIN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:13-21468 |
| ) | |
| **JOEL ZIEGLER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 5, 2013, Petitioner, acting *pro se*, filed his Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 2.) In his Petition, Petitioner alleges that his due process rights were violated during a disciplinary action causing a loss of good time credit. (Id.) Specifically, Petitioner first argues that he was actually innocent of the charges contained in the Incident Report. (Id., pp. 6 - 12.) Petitioner complains that he "lost good time credits for someone else's wrong doing even though they confused." (Id.) Second, Petitioner contends that the DHO was not impartial because DHO was the individual who had instructed the officers to search Petitioner's cell. (Id.) As relief, Petitioner requests that his good time credits be restored. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Inmate Request to Staff" dated September 10, 2011 (Id., pp. 14 - 17.); (2) A copy of Petitioner's "Request for Administrative Remedy" dated March 2, 2012 (Id., p. 18.); (3) A copy of a form acknowledging

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

receipt of Petitioner's "Central Office Administrative Remedy Appeal" (Id., p. 20.); (4) A copy of Warden R. Martinez's "Response to Request for Administrative Remedy" dated March 30, 2012 (Id., p. 23.); (5) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated April 5, 2012 (Id., pp. 24 - 25.); (6) A copy of a letter addressed to Mr. Crawford (Id., pp. 27 – 29.); (7) A copy of a letter from Inmate Zulummar Bin-Zazu (Id., p. 31 - 33.); (8) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated April 20, 2012 (Id., pp. 36 - 37.); (9) A copy of Regional Director G. Maldonado's Response dated June 27, 2012 (Id., pp. 38 – 39.); and (10) A copy of the "Discipline Hearing Officer Report" dated January 17, 2012 (Id., pp. 40 – 43.)

By Order entered on October 14, 2015, the United States Magistrate Judge R. Clarke VanDervort granted Petitioner's Application to Proceed Without Prepayment of Fees and ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 9.)

On November 2, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 13.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner received the rights afforded pursuant to *Wolff*" (Id., pp. 7 – 8.); (2) "The DHO's findings are sufficient to support the charge" (Id., pp. 8 – 10.); and (3) "There is no evidence the DHO was not impartial" (Id., pp. 10 – 11.).

As Exhibits, Respondent files the following: (1) The Declaration of Sarah Lilly (Id., pp. 13 – 14.); (2) A copy of the "Incident Report" dated September 7, 2011 (Id., pp. 16 – 17.); (3) A copy of the "Notice of Discipline Hearing Before the DHO" dated September 11, 2011 (Id., p.

19.); (4) A copy of the "Inmate Rights at Disciplinary Hearing Form" dated September 11, 2011 (Id., p. 21.); (5) A copy of the "Discipline Hearing Officer Report" dated January 17, 2012 (Id., pp. 23 - 26.); and (6) A copy of the Declaration of Michael Price (Id., pp. 27 – 28.)

By Order and Notice entered on November 5, 2015, Judge VanDervort advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 15.) On December 10, 2015, Petitioner filed a Motion for Extension of Time to file his Reply. (Document No. 17.) By Order entered on December 15, 2015, Judge VanDervort granted Petitioner's Motion. (Document No. 18.) Petitioner, however, has not filed a Reply to Respondent's Response. By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 19.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443

(1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[3] See

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on February 25, 2016.

[3] In finding that Petitioner violated Code 113, the DHO specifically stated that it relied upon the following:

\* \* \*

> The DHO relied on the eyewitness account of the reporting staff who attested that while conducting a search of your assigned cell, where you were the only occupant, they recovered fifteen bundles of a green leafy substance. They tested the substance with an approved test kit and the substance tested positive for marijuana.
> As to the witness you requested, who attempted to claim ownership of the marijuana, he lacked credibility. Inmate [redacted] knew marijuana was found in your assigned cell; however, he failed to accurately describe the amount, how it was wrapped and its exact location. It seems unreasonable that a person, who had a prohibited commodity like marijuana in a correctional institution, would not know specific information on where they left it.
> The DHO believe you committed the prohibited act of Code 113. The decision was based on the eyewitness account of the reporting staff, who stated a green leafy substance was found in your assigned cell, the substance was tested and tested positive for marijuana. The greater weight of the evidence is from the reporting staff member's account, not your denial or your witness's inaccurate testimony.

e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

\* \* \*

(Document No. 13, pp. 23 – 26.). Based on the foregoing, the undersigned finds no violation of Petitioner's due process rights because there was "some evidence" to support the DHO's decision. In *McClung v. Hollingworth*, 2007 WL 1225946 (4th Cir. Apr. 26, 2007), the Fourth Circuit concluded that "since a dangerous weapon was discovered in a cell that was the 'exclusive domain' of McClung and his cellmate, the constructive possession rule provides the necessary 'some evidence' sufficient to sustain McClung's disciplinary conviction." *McClung v. Hollingworth*, 2007 WL 1225946, \* 3 (4th Cir. Apr. 26, 2007); *also see Reynolds v. Williamson*, 197 Fed.Appx. 196 (3rd Cir. 2006)(despite petitioner's claim that he did not possess tools necessary to retrieve the weapon from the plumbing, the court found "some evidence" supported DHO's conclusion that petitioner was in constructive possession of weapon recovered from plumbing of the cell where petitioner and his cellmate were the only persons with access to plumbing and cellmate did not claim ownership of weapon); *Gonzalez-Martinez v. Drew*, 2011 WL 6982247 (D.S.C. Dec. 16, 2011)(finding "some evidence" to support the DHO's decision that petitioner was in possession of a weapon where the weapon was located under a locker in Petitioner's cell); *Perez v. Rios*, 2009 WL 499141 (E.D.Ky. Feb. 27, 2009)(finding sufficient evidence to support DHO's finding that because petitioner was in control of his cell area, he was in possession of a hazardous tool). Furthermore, considering the evidence against Petitioner, there is no indication that the DHO was unfair or not impartial in reaching his decision.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 15, 2016.

Omar J. Aboulhosn
United States Magistrate Judge